UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jane Roe JN 15,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, et al.,<br><br>　　　　　　　　Defendants. | Case No.: 3:24-cv-2316-L-BLM<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND**<br><br>[ECF No. 12] |

Pending before the Court is Plaintiff Jane Doe JN 15's ("Plaintiff") motion to remand the action to State court. (ECF No. 12.) Defendant The Church of Jesus Christ of Latter-day Saints (the "Church")[1] filed an opposition and Plaintiff replied. (ECF Nos. 18, 21.) The Court finds that the matter is appropriate for decision without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons stated below, the Court DENIES the motion.

//

---

[1]　Counsel for the Church also represents Defendant Temple Corporation of The Church of Jesus Christ of Latter-day Saints, an integrated auxiliary of the Church. However, opposition was filed only on behalf of the Church.

1

## I. BACKGROUND

Plaintiff filed a complaint in State court against the Church, Temple Corporation of The Church of Jesus Christ of Latter-day Saints (the "Temple Corporation"), and the Escondido California Stake of The Church of Jesus Christ of Latter-day Saints (the "Escondido Stake") alleging that she was sexually abused by four different perpetrators from 1961 to 1978. (ECF No. 1-3 ("Compl.").) Defendants were initially sued as Does pursuant to California Code of Civil Procedure § 340.1, however, the Court granted their unopposed *ex parte* application to name Doe Defendants 1, 2, and 3. (ECF No. 37.)

The Church removed the action to this Court with the consent of the Temple Corporation. (ECF No. 1 ¶ 27 ("NOR").) Removal was based on diversity pursuant to 28 U.S.C. § 1332(a). The Church did not receive consent of the Escondido Stake who had yet to be served. (*Id*. ¶ 12.) Disputing diversity, Plaintiff now moves to remand this case back to State court. (ECF No. 12-1 ("Mot.").)

## II. LEGAL STANDARD

A suit may be removed from State court only if the federal court would have subject matter jurisdiction. *See* 28 U.S.C. § 1441(a); *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)[2] ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The party seeking removal bears the burden of establishing federal jurisdiction. *See Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009).

Diversity jurisdiction under § 1332(a) requires complete diversity of citizenship and an amount in controversy greater than $75,000. *See* 28 U.S.C. § 1332(a). The complete diversity requirement is met when "the citizenship of each plaintiff is diverse

---

[2] Internal quotation marks and citations may be removed unless otherwise noted.

from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). "When an action is removed on the basis of diversity, the requisite diversity must exist at the time the action is removed to federal court." *Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985). The parties do not dispute that Plaintiff is a citizen of California. (Compl. ¶ 3; NOR ¶ 7; Mot. at 6.) Therefore, complete diversity exists if none of the Defendants is a citizen of California.

### III. DISCUSSION

#### A. Citizenship of the Escondido Stake

Plaintiff argues that complete diversity is lacking because one of the Defendants is domiciled in California. The parties do not dispute that the Church is incorporated and has its principal place of business in Salt Lake City, Utah. (Compl. ¶ 5; NOR ¶ 8.) The parties also do not dispute that the Temple Corporation is incorporated and has its principal place of business in Salt Lake City, Utah. (Compl. ¶ 6; NOR ¶ 9.) The parties dispute only the Escondido Stake's citizenship. Plaintiff claims that the Escondido Stake is a non-diverse California citizen, while the Church argues it is an unincorporated division of the Church that does not independently have citizenship.

Plaintiff initially argues that removal is based on the theory that the Escondido Stake is fraudulently joined. If so, the Church must show that "there is absolutely no possibility Plaintiff will be able to establish a cause of action against" the Escondido Stake. (Mot. at 12 (citing the standard for fraudulent joinder as stated in *Mercado v. Allstate Ins. Co.*, 340 F.3d 824, 826 (9th Cir. 2003)).) This is not the Church's stated basis for removal, however. Instead, the Church contends the Escondido Stake is not an independent entity but a unit of the Church. If the Church is correct, the Escondido Stake's citizenship is the same as the citizenship of the Church and there is complete diversity between Plaintiff and all Defendants. Accordingly, the relevant issue is not fraudulent joinder but citizenship.

While an "incorporated subsidiary" of a corporation may "possess citizenship independent of its parent corporation," an "unincorporated division" shares the

citizenship of its parent corporation. *Breitman v. May Co. California*, 37 F.3d 562, 564 (9th Cir. 1994). Unincorporated divisions are not "formal[ly] separate[ ]" from their parents, and therefore are not "independent entit[ies] for jurisdictional purposes." *Id.* (quoting *Schwartz v. Electronic Data Systems, Inc.*, 913 F.2d 279, 284 (6th Cir.1990)); *see also Sanfilippo v. Match Grp. LLC*, 2021 WL 4440337, at *1 (9th Cir. Sept. 28, 2021) (noting that following merger between Tinder and Match Group, "the district court did not err by considering only Match Group, LLC's citizenship for purposes of assessing its jurisdiction").

Plaintiff alleges that the Escondido Stake is "a religious entity and subsidiary of" the Church. (Compl. ¶ 7.) She further alleges that the Escondido Stake "is an entity of unknown form, and operating pursuant to the laws of, the State of California." (*Id.*) Plaintiff also alleges that the Escondido Stake has a principal place of business in California and "is registered to do business in California." (*Id.*)

The Church claims that the Escondido Stake "is a division of the Church, which *is* incorporated at its highest level, meaning its constituent parts—local wards and stakes—are part of the incorporation and not separate legal entities." (Opp., ECF No. 18, at 12 (emphasis in original).) Contrary to Plaintiff's allegation, a search of California Secretary of State records for the Escondido Stake returns no results, thus supporting a reasonable inference that the Escondido Stake is not registered to do business in the State of California. (*See* ECF No. 18-3 ¶ 1.)[3] Moreover, Plaintiff's own allegations undermine her argument—Plaintiff alleges that the Escondido Stake is a subsidiary of the Church, that the Escondido Stake operates "at the direction of and under the control of" the Church, and "reports directly to" the Church. (Compl. ¶ 7.) The complaint alleges that "the First Presidency [of the Church] and the Quorum of the Twelve Apostles declare and

---

[3] The Church's request to take judicial notice of the search results is GRANTED. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) ("A court may take judicial notice of matters of public record…").

establish policy, and oversee the entire Church, *including every Stake and Ward in California*." (*See* Compl. ¶ 23 (emphasis added).)  Furthermore, it is the Church—and not the Escondido Stake—which owns, operates, and maintains the building that is used by the Escondido Stake. (NOR ¶ 11.)  The Escondido Stake receives its funding from the Church and has no registered agents in California, has no assets, does not have insurance, and cannot pay judgments. (*Id.* ¶ 12.)  Indeed, as laid out in the Articles of Incorporation, the Church assumes all claims arising from the activities of the Church or its agents, including the stakes.  (Decl. of Branden Wilson, ECF. No. 20-1, ¶ 13.)

Accordingly, the Escondido Stake is an "unincorporated division" of the Church and not an "incorporated subsidiary" of a corporation that "possess[es] citizenship independent of its parent corporation." *See Breitman*, 37 F.3d at 564.  Because the Court finds that the Escondido Stake is a division of the Church for jurisdictional purposes, the Escondido Stake is a citizen of Utah, thus establishing complete diversity.[4]

### B. Fictious Name Designations

Plaintiff argues for the first time in her reply that complete diversity is lacking because the citizenship of all Doe Defendants must be ignored pursuant to 28 U.S.C. 1441(b)(1). (ECF No. 21 at 12-14.)  Initially, all Defendants were named as Does pursuant to California Code of Civil Procedure § 340.1. (*See generally* Compl.)  "In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) ..., the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1).  If the Court were to disregard the citizenship of all Defendants, then diversity jurisdiction would be lacking as diversity "does not exist where one party possesses citizenship, and all opposing parties possess no citizenship." *See Geppert v. Doe 1*, No. 23-CV-03257-SVK, 2023 WL 5804156, at *3 (N.D. Cal. Sept. 7, 2023).

---

[4] For the same reasons the Escondido Stake is not a forum defendant under 28 U.S.C. § 1441(b)(2).

However, an exception applies when the identity of Doe Defendants is readily known. *See, e.g., Roe CS 88 v. Doe 1*, No. CV 24-11154-JFW(SSCX), 2025 WL 485121 (C.D. Cal. Feb. 13, 2025). Here, in its notice of removal, the Church identified Does 1, 2, and 3 and waived the anonymity protections afforded by California Code of Civil Procedure § 340.1. (*See* NOR.) Furthermore, Plaintiff readily identified Defendants in court documents, including in the initial Complaint. (*See* Compl. ¶¶ 5-7 (identifying Doe Defendants by a description and business address of each Defendant.) Because Defendants' identities were apparent on the face of the Complaint, Plaintiff's fictitious defendant argument is rejected as to Does 1–3.

**C. Diversity Jurisdiction**

A state-court action can be removed on diversity grounds only where there is complete diversity between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1332(a), 1441(a). The Church has met its burden of showing that the parties are diverse. Specifically, Plaintiff is a citizen of California. The Church, the Temple Corporation, and the Escondido Stake are all citizens of Utah. In its notice of removal, the Church alleged that, given the severity of the sexual abuse allegations, the amount in controversy exceeds $75,000. "[A] removal notice need only plausibly allege, not detail proof of, the amount in controversy." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83 (2014); *see also id.* at 89 ("In sum, as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation."). Plaintiff does not dispute that the amount in controversy exceeds the jurisdictional threshold.

//

## IV. CONCLUSION

Because the Church has met its burden of establishing federal jurisdiction, the Court DENIES the motion to remand.

**IT IS SO ORDERED.**

Dated: May 19, 2025

Hon. M. James Lorenz
United States District Judge